J-S07017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LUIS MANUEL VELEZ-DIAZ JR. | |
| Appellant | No. 1472 MDA 2016 |

Appeal from the PCRA Order August 11, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002856-2014

BEFORE: BOWES, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 07, 2017**

Luis Manuel Velez-Diaz, Jr., appeals *pro se* from the order, entered in the Court of Common Pleas of Lancaster County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Upon review, we affirm.

Velez-Diaz was convicted of criminal trespass for breaking into a residence at 331 Susquehanna Street, Lancaster, Pennsylvania. Velez-Diaz had resided in the home, but Jhira Montalvo-Pereira obtained a protection from abuse (PFA) order against him, prohibiting him from entering the residence. Velez-Diaz asserts that he was not properly notified of the PFA order. He was convicted following a jury trial and was sentenced on July 10, 2015, to 16 months' to 5 years' imprisonment. Through counsel, Velez-Diaz

_____

[1] 42 Pa.C.S. §§ 9541-9546.

filed a motion to modify sentence, which was denied on July 31, 2015. Velez-Diez filed a counseled direct appeal of his sentence, which this Court affirmed on April 15, 2016. Thereafter, he filed the instant PCRA petition on April 28, 2016. Counsel was appointed and then permitted to withdraw.

Velez-Diaz is proceeding *pro se* on appeal and raises raises the following issue for our review:

> Was appellate counsel ineffective for failing to raise a sufficiency of the evidence argument on appeal, when it is clear that the Commonwealth has not met its burden of establishing the elements of the offense of criminal trespass?

Brief for Appellant, at 1.

Our standard and scope of review regarding the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.***

Ineffectiveness of counsel is shown where "(1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different."

*Commonwealth v. Lambert*, 797 A.2d 232, 243 (Pa. 2001). Failure to establish any prong will defeat an ineffectiveness claim. *Commonwealth v. Walker*, 36 A.3d 1, 7 (Pa. 2011).

In this matter, Velez-Diaz's sole argument is that the date of service of the PFA order absolves him of wrongdoing. Velez-Diaz asserts that the affidavit used to charge him indicated that he was served with the PFA order on May 10, 2014, but the return of service form shows the date of May 28, 2014, as the actual service date. Because the date of his alleged trespass was May 12, 2014, Velez-Diaz argues that he did not have notice until 16 days afterward. Accordingly, he argues that the Commonwealth could not prove that he was guilty of criminal trespass.[2] This argument is without merit.

The testimony of Lancaster City Police Officer Jessica Higgins indicated that Velez-Diaz had actual notice that he did not have legal authorization to enter the premises of 331 Susquehanna Street prior to doing so on May 12, 2014. Officer Higgins' testimony establishes that she verbally instructed Velez-Diaz on May 10, 2014, that he was not permitted to return to 331 Susquehanna Street. N.T. Jury Trial, 4/20/15, at 137. *See*

---

[2] To convict a person of criminal trespass, the Commonwealth must prove that the person, "knowing that he is not licensed or privileged to do so, . . . breaks into any building or occupied structure or separately secured or occupied portion thereof." 18 Pa.C.S. § 3503.

***Commonwealth v. Padilla***, 885 A.2d 994, 998 (Pa. Super. 2005) ("verbal explanation provided [] over the telephone was adequate to convey notice that a PFA order had been entered against [defendant] and that violation of that order placed him at risk of criminal penalty"). Accordingly, the basis for Velez-Diaz's ineffectiveness of counsel argument argument lacks merit and his claim cannot succeed. ***Lambert***, ***supra***; ***Walker***, ***supra***.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2017